IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of<br><br>The Complaint of SEABREEZE JETLEV, LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS HAWAII, LLC, as owners of the Motor Vessels, the first being a Motor Vessel named M/V JOURDANS OBSESSION, U.S. Coast Guard O.N. 1137107, and the second Motor Vessel being approximately 11-foot Yamaha, model VX1050C-U, with a model year 2019, Vessel Hull Identification Number USYAMA3411D919, State of Hawaii Certificate of Number HA-1163-CC, for Exoneration from or Limitation of Liability. | CIVIL NO. 20-00170 JAO-KJM<br><br>ORDER GRANTING MOTION TO TRANSFER PROCEEDINGS TO NORTHERN DISTRICT OF CALIFORNIA |

**ORDER GRANTING MOTION TO TRANSFER PROCEEDINGS TO NORTHERN DISTRICT OF CALIFORNIA**

Plaintiffs in Limitation SeaBreeze Jetlev, LLC, SeaBreeze Jet Ski, LLC, and H20 Sports Hawaii, LLC (collectively, "Plaintiffs in Limitation") seek transfer of this limitation of liability action to the U.S. District Court for the Northern District of California, where there is a pending action against them, Civil No. 3:20-0703, *Rodriguez v. SeaBreeze Jetlev LLC*.  ECF No. 8 at 2.  Plaintiffs in Limitation represent that Rochelle Nicole Rodriguez, the plaintiff in that action, does not

oppose this Motion to Transfer Proceedings to Northern District of California and has no intention to appear in these proceedings.  ECF No. 17 at 2.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the District of Hawaii. For the following reasons, the Court GRANTS the Motion.

## BACKGROUND

Plaintiffs in Limitation commenced this action on April 17, 2020.  They subsequently filed an Ex Parte Motion and Application Seeking the Court's Approval of Stipulation for Value and Posting of Letter of Undertaking, ECF No. 4, which the Court granted.  ECF No. 5.

On October 28, 2020, Plaintiffs in Limitation filed an Application for Injunction and Monition.  ECF No. 8.  The Court issued an Order for Injunction and Motion on November 5, 2020.  ECF No. 11.

On February 3, 2021, Magistrate Judge Kenneth J. Mansfield issued an Order Granting Plaintiffs in Limitation's Request for the Entry of Default Against All Potential Claimants Who Have Not Appeared.  ECF No. 16.

The present Motion followed.  ECF No. 17.

## DISCUSSION

Plaintiffs in Limitation move to transfer this action to the Northern District of California, where *Rodriguez v. SeaBreeze Jetlev LLC* is pending, because

judicial economy would be served if the claims and defenses are addressed in the same action, Rodriguez does not object to the transfer and in fact selected that forum, and Rodriguez lives in California.  ECF No. 17 at 5.  Supplemental Admiralty and Maritime Claims Rule ("Supplemental Rule") F(9) of the Federal Rules of Civil Procedure authorizes transfer to any district "[f]or the convenience of parties and witnesses, in the interest of justice."  Fed. R. Civ. P. Supp. Admiralty Rule F(9).  "The relevant factors for determining whether a transfer is appropriate under Rule F(9) are the same as the factors under 28 U.S.C. § 1404(a)."[1]  *In re United States*, __ F. Supp. 3d __, 2020 WL 5775863, at *3 (D. Utah 2020); *In the Matter of TLC Marine Servs., Inc.*, 900 F. Supp. 54, 56 (E.D. Tex. 1995).  The Ninth Circuit has identified the following factors for courts to consider in weighing whether to transfer venue pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

---

[1]  Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (internal footnotes omitted); *see also In re United States*, __ F. Supp. 3d __, 2020 WL 5775863, at *3 (identifying the relevant factors as: "(1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general" (citation omitted)).

Applying the applicable factors, the Court finds that transfer is appropriate for the convenience of the parties and witnesses, in the interest of justice. Significantly, Rodriguez selected the Northern District of California as the forum to initiate her action against Plaintiffs in Limitation and she does not oppose the transfer of this limitation of liability action.  Allowing both cases to proceed there—particularly if consolidation is granted[2]—will serve judicial economy because the claims will be presented in the same venue, if not the same case. Moreover, the relevant parties (including a minor child) and their counsel reside in California.  Given the ongoing pandemic and restrictions on travel to Hawaiʻi, transfer is especially compelling.  Accordingly, the Court GRANTS the Motion.

---

[2] Plaintiffs in Limitation previously indicated that they would seek transfer to the Northern District of California then consolidation with the action pending there. ECF No. 8 at 2.

4

<u>CONCLUSION</u>

For the reasons stated herein, the Court GRANTS Plaintiffs in Limitation's

Motion to Transfer Proceedings to Northern District of California, ECF No. 17,

and TRANSFERS this action to the U.S. District Court for the Northern District of

California.

IT IS SO ORDERED.

DATED:      Honolulu, Hawaiʻi, March 3, 2021.



Jill A. Otake
United States District Judge

CV 20-00170 JAO-KJM, *In the Matter of SeaBreeze JetLev, LLC*; ORDER GRANTING MOTION TO
TRANSFER PROCEEDINGS TO NORTHERN DISTRICT OF CALIFORNIA